IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PHILLIP B. LEISER, ESQ., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:18-cv-349 (LMB/MSN) |
| ) | |
| CHIEF JUSTICE DONALD W. LEMON, In His ) | |
| Official Capacity as Chief Justice of the Supreme ) | |
| Court of Virginia, et al., ) | |
| ) | |
| Defendants. | |

ORDER

In this civil action brought under 42 U.S.C. § 1983, plaintiffs Phillip B. Leiser, Esq., ("Leiser") and Creative Legal Solutions, PLLC (collectively, "plaintiffs") allege that defendants Chief Justice Donald W. Lemon ("Lemon") and the Honorable J. Martin Bass ("Bass") (collectively, "defendants")[1] violated plaintiffs' substantive and procedural due process rights under the Fourteenth Amendment. In brief, plaintiffs' Complaint alleges that Leiser was named as the defendant in a tort suit in Fauquier County Circuit Court; that he filed a motion for sanctions in that tort suit; that, on November 1, 2016, the court granted the tort plaintiff's motion to strike the pleadings associated with the sanctions motions and dismissed the tort plaintiff's counsel as a respondent to that motion on the basis that it could not exercise personal jurisdiction over him; that the court engaged in a "pocket veto" of Leiser's motion to reconsider his November 1, 2016 order by simply declining to rule on it; and that the Virginia Supreme Court refused Leiser's petition for appeal and denied his petition for rehearing. Compl. 4-5. According to the Complaint, Bass's decisions violated plaintiffs' substantive and legal due process rights by "depriving Leiser of the

---

[1] Lemon and Bass are sued in their official capacities as Chief Justice of the Supreme Court of Virginia and Judge Pro Tempore of the Circuit Court of Fauquier County, respectively.

meaningful opportunity to be heard" and "ignoring well-settled legal doctrines." Id. Similarly, the Complaint alleges that the Virginia Supreme Court's "perfunctory orders" refusing Leiser's petition for appeal and denying his petition for rehearing violated plaintiffs' procedural and substantive due process rights by "ignoring the reversible errors" committed by Bass, "tacitly affirm[ing] the trial court's unconstitutional" decision, depriving Leiser of "his right to rely upon settled law," and doing all of this "without explanation." Id. at 5. The sole relief requested is a declaration that Bass's November 1, 2016 order and the Virginia Supreme Court's refusal of Leiser's petition for appeal violated plaintiffs' substantive and procedural due process rights. Id. at 38.[2]

Because federal courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute," a court must "presume[] that a cause lies outside this limited jurisdiction" and "the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). For the Court to have jurisdiction, the Complaint must allege facts that demonstrate the presence of all necessary jurisdictional elements. See DiPaolo v. State Farm Fire & Casualty Co., 794 F. Supp. 2d 633, 634 (E.D. Va. 2011). Because subject matter jurisdiction "speak[s] to the power of the court rather than to the rights or obligations of the parties," Landgraf v. USI Film Prods., 511 U.S. 244, 274 (1994)

---

[2] This is at least the third civil action in this court in which Leiser has attempted to bring a collateral challenge to the decisions of Virginia state judges. See The Leiser Law Firm, PLLC v. The Honorable Gaylord L. Finch, Jr., 1:15-cv-834 (E.D. Va.); The Leiser Law Firm, PLLC v. The Supreme Court of Virginia, 1:14-cv-407 (E.D. Va.). Each of the other two civil actions was dismissed. One of the dismissals was affirmed by the Fourth Circuit on appeal and Leiser's petition for a writ of certiorari was denied by the Supreme Court, The Leiser Law Firm, PLLC v. The Supreme Court of Virginia, 632 F. App'x 127 (4th Cir.), cert. denied, 137 S. Ct. 104 (2016), and Leiser's appeal from the other dismissal was dismissed as moot, The Leiser Law Firm, PLLC v. The Honorable Gaylord L. Finch, Jr., 670 F. App'x 84 (4th Cir. 2016).

(internal quotation marks omitted), "courts are obligated to consider <u>sua sponte</u>" their own jurisdiction, <u>Gonzalez v. Thaler</u>, 565 U.S. 134, 141 (2012).

The Court has reviewed plaintiffs' Complaint and determined that it does not have subject matter jurisdiction over this civil action.[3] The <u>Rooker-Feldman</u> "doctrine prohibits the United States District Courts . . . from sitting in direct review of state court decisions." <u>Jordahl v. Democratic Party of Va.</u>, 122 F.3d 192, 199 (4th Cir. 1997) (internal quotation marks and alteration omitted). For purposes of this doctrine, the "controlling question" is "whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision." <u>Id.</u> at 202. Put differently, "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered," then "<u>Rooker-Feldman</u> is implicated." <u>Id.</u> (internal quotation marks omitted).

In the present civil action, plaintiffs' sole argument is that the Virginia Circuit Court's decisions on Leiser's motion for sanctions and motion for reconsideration, as well as the Virginia Supreme Court's refusal to review those decisions, were unconstitutional. This argument turns on purported defects with the merits of the Virginia courts' decisions, as well as with the manner in which the state courts proceeded. Accordingly, to grant plaintiffs' requested relief, the Court would be forced to declare that the state courts decisions were "erroneously entered."

Plaintiffs' pleading their claim as a § 1983 due process claim rather than a direct appeal from the state courts' decisions does not change the analysis. A plaintiff "may not escape the jurisdictional bar of <u>Rooker-Feldman</u> by merely refashioning its attack on the state court judgments as a § 1983 claim." <u>Id.</u> at 202; <u>see also</u> <u>Am. Reliable Ins. Co. v. Stillwell</u>, 336 F.3d 311,

---

[3] Because the Court's inability to exercise jurisdiction over this civil action is apparent from a review of the Complaint, the Court has determined that further briefing and oral argument would not aid the decisional process.

["

316 (4th Cir. 2003) ("A litigant may not circumvent these jurisdictional mandates by instituting a federal action which, although not styled as an appeal, amounts to nothing more than an attempt to seek review of the state court's decision by a lower federal court." (internal quotation marks and alteration omitted)). Accordingly, "where plaintiffs' claims are 'inextricably intertwined' with the merits of a state court decision, then the district court is being asked to review the state court decision, a result prohibited under Rooker-Feldman." Jordahl, 122 F.3d at 202-03. Even though plaintiffs cast their claim as a § 1983 claim for violations of substantive and procedural due process, these claims are inextricably intertwined with the merits of the Virginia courts' decisions. This practical reality is highlighted by the nature of many of plaintiffs' arguments, which turn on the Virginia courts' alleged refusal to follow "well-settled legal doctrines." Accordingly, regardless of the merits of the Virginia courts' decision, this Court simply does not have jurisdiction to review those decisions and grant the requested relief. For these reasons, it is hereby

ORDERED that the Complaint [Dkt. No. 1] be and is DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 21st day of June, 2018.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge